

℞AO 241                                                                                                          Page 2
(Rev. 12/04)                                                                              C 6 -   2 2 0

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): Rudolph V. Hardin | Docket or Case No.: 0209008562 |
|---|---|

| Place of Confinement : Delaware Correctional Center | Prisoner No.: 180391 |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| Rudolph V. Hardin    v. | Thomas L. Carroll |

The Attorney General of the State of   Delaware, Carl C. Danberg

**FILED**

**APR - 3 2006**

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    Delaware Superior Court New Castle County
    500 N. King St.   Wilmington De. 19861

    (b) Criminal docket or case number (if you know): 0209008562

2.  (a) Date of the judgment of conviction (if you know): 5-29-03

    (b) Date of sentencing: 8-22-03

3.  Length of sentence: ten years - eight years level 5 incarceration

4.  In this case, were you convicted on more than one count or of more than one crime?     ☑ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:
    1). trafficking in Cocaine
    2). Possession of Marijuana
    3). Possession with Intent deliver - Cocaine
    4). Maintaining a Vehicle

6.  (a) What was your plea? (Check one)

    ☑ (1)   Not guilty        ☐   (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty            ☐   (4)   Insanity plea

℞AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8.   Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court: Delaware Supreme Court

(b) Docket or case number (if you know): 419, 2003

(c) Result: Affirmed

(d) Date of result (if you know): March 29, 2004

(e) Citation to the case (if you know): 844 A.2d 984 (2004)

(f) Grounds raised: 1). illegal searches and seizures (person/vehicle)
2). Trial courts abuse of discretion arresting officer testifying
as an expert, and denied Hardin's substantial right to cross-examination
3). Trial court errored when it denied Hardin's Motion for judgement
of acquittal and failed to present sufficient evidence that
Hardin intended to deliver cocaine as charged
4). Due process violated - failed to establish possession beyond
reasonable doubt — P.W.I.D. and Trafficking

(g) Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

N/A

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 12 04)

(5) Citation to the case (if you know):

(6) Grounds raised:

N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:    N/A

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:  Delaware Superior Court

(2) Docket or case number (if you know):  0209008562

(3) Date of filing (if you know):  3-15-05

(4) Nature of the proceeding:  Postconviction Relief

(5) Grounds raised: (1). Illegal search and seizures (person/vehicle) (2). Due Process and equal protection of laws violated prosecution manipulate/alter, affidavit of probable cause (3). Due process equal protection and the right to a fair trial violated by the extremely prejudicial testimony of expert (4). Insufficient evidence to sustain conviction of P.W.I.D. cocaine (5). Due Process violated-failed to prove beyond a reasonable doubt constructive possess. (trafficking). (6). Fifth Amend. violation - double jeopardy claim (7). Fifth and Fourteenth Violation & Eigth Amend. right to be free from cruel & unusual punishment (8). Petitioner's Fifth, Sixth and Fourteenth Amendments where violated by officers and Prosecutions use of perjured testimony & the use of misrepresented facts (evidence) (9). Ineffective assistance of counsel, Sixth Amend. Violation

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result:  Affirmed / Denied

(8) Date of result (if you know):  9-12-05

AO 241
(Rev 12 04)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Supreme Court

(2) Docket or case number (if you know): 444, 2005

(3) Date of filing (if you know): 10-04-05

(4) Nature of the proceeding: Appeal From Superior Court

(5) Grounds raised: I. Appellate was denied his state and Federal Constitutional rights to a fair trial and due process of law, where the trial court allowed inadmissible evidence that resulted from prosecutorial misconduct II. Appellate's state and Federal Constitutional rights to due process of law and a fair trial were violated when the trial court allowed inadmissible expert testimony III. Appellate was denied his Constitutional right to be convicted on sufficient evidence and that the charges against him be proven beyond a reasonable doubt. U.S. Const. 5th & 14th Amendments! IV. Appellate was denied his Sixth Amendment right to effective assistance of counsel which resulted in a manifest injustice.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: Affirmed

(8) Date of result (if you know): 3-8-06

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):          N/A

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241
(Rev. 12/04)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

    (1) First petition: ☑ Yes  ☐ No

    (2) Second petition: ☑ Yes  ☐ No

    (3) Third petition: ☐ Yes  ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Petitioner's 4th 5th and 14th Amendments of the United States Constitution to be secure in his persons and property against unreasonable searches and seizures were violated when he was arrested without probable cause or warrant.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner's constitutional rights were violated when he was arrested on his homes property in the absense of a warrant or probable cause and a Plan B, alternative probable cause was entered into the record (evidence) to remedy the illegal arrest therefore, permitting the fruits of the illegal searches and seizures to be used against petitioner in trial court.

(b) If you did not exhaust your state remedies on Ground One, explain why: the illegal searches and seizures (person/vehicle) were argued during the direct appeal however, due to counsels ineffective deficient performance counsel did not argue the admittance of a Plan B, alternative probable cause that was admitted into the record (evidence) during (suppression hearing) an after-the-fact scrutiny to remedy the illegal searches and seizures.

℁AO 241
(Rev. 12/04)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

The illegal searches and seizures were argued but not the remedy for those illegal searches and seizures the admittance of a fraudulent, alternative probable cause (Plan B).

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction Relief

Name and location of the court where the motion or petition was filed:

Superior Court, New Castle County, 500 N. King St.

Docket or case number (if you know): 0209008562

Date of the court's decision: 9-12-05

Result (attach a copy of the court's opinion or order, if available):

Attachment A

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court P.O. Box 476  Dover, De. 19903

Docket or case number (if you know): 444, 2005

Date of the court's decision: March 8, 2006

Result (attach a copy of the court's opinion or order, if available):

Attachment B

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 12/04)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

Pro se Motions filed in Superior Court & Supreme Court

**GROUND TWO:** Petitioner was denied his 5th, 6th and 14th. Amendment rights by the use of inadmissible expert testimony.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner's due process of law and the right to a fair trial were violated by not allowing the jury to be the trier of fact and relied soley on prejudicial opinioned testimony (evidence) presented by the arresting officer/drug expert.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

This ground was exhausted, through petitioner's postconviction and appeal it was raised initially by counsel in the direct appeal - insufficiently

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

This ground was raised however it was argued different by counsel in the direct appeal

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction Relief

Name and location of the court where the motion or petition was filed:

Superior Court, New Castle County, 500 N. King St.

Docket or case number (if you know): 0209008562

Date of the court's decision: 9-12-05

Result (attach a copy of the court's opinion or order, if available):

Attachment A.

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Delaware Supreme Court
P.O. Box 476  Dover De. 19903

Docket or case number (if you know):  444, 2005

Date of the court's decision:  March 8, 2006

Result (attach a copy of the court's opinion or order, if available):

Attachment B

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:** Petitioner's Fifth and Fourteenth amendment rights were violated when the state failed to prove beyond a reasonable doubt the elements of the offenses charged.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner's 5th and 14th Amendment rights were violated when the elements of P.W.I.D. cocaine and the finding of constructive possession were not proven beyond a reasonable doubt to sustain the conviction; and the state relied upon misleading, contradictive, and perjured testimony.

AO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☑ Yes        ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes        ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction relief

Name and location of the court where the motion or petition was filed:

Superior Court, New Castle County, 500 N. King St.

Docket or case number (if you know): 0209008562

Date of the court's decision: 9-12-05

Result (attach a copy of the court's opinion or order, if available):

Attachment A

(3) Did you receive a hearing on your motion or petition?        ☐ Yes        ☑ No

(4) Did you appeal from the denial of your motion or petition?        ☑ Yes        ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?        ☑ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Delaware Supreme Court, P.O.Box 476, Dover De. 19903

Docket or case number (if you know): 444, 2005

Date of the court's decision: March 8, 2006

Result (attach a copy of the court's opinion or order, if available):

Attachment B

⇘AO 241
(Rev. 12/04)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No." explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** Petitioner was denied his Sixth Amendment right to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor & to have assistance of counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

An unidentified paid informant accused petitioner of selling drugs, Petitioner was not afforded the right to confront his accuser, no informant was ever produced, as well as contradictions in officers testimony as to how the unidentified informers information was recieved; petitioner had several witnesses in his favor, none were called to testify; nor was petitioner afforded the right to effective assistance of counsel.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

The state of Delaware prohibits raising any ineffective assistance claims on direct appeal.

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

The state of Delaware prohibits raising any ineffective assistance claims on direct appeal.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Postconviction Relief

Name and location of the court where the motion or petition was filed:

Superior Court, New Castle County, 500 N. King St.

Docket or case number (if you know): 0209008562

Date of the court's decision: 9-12-05

Result (attach a copy of the court's opinion or order, if available):

Attachment A

(3) Did you receive a hearing on your motion or petition?         ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court
P.O. Box 476    Dover, De. 19903

Docket or case number (if you know): 444, 2005

Date of the court's decision: March 8, 2006

Result (attach a copy of the court's opinion or order, if available):

Attachment B

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 12/04)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☑ Yes    ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241
(Rev. 12/04)

Page 14

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:    represented by all Public Defenders

(a) At preliminary hearing: Kathryn Van Amerongen / Bradley Manning

(b) At arraignment and plea:

(c) At trial:    Nicole Walker

Public Defender's Office
5 th Floor
Carvel State Office Building
820 N. French Street
Wilmington, De, 19801

(d) At sentencing:    Nicole Walker

(e) On appeal:    Nicole Walker

(f) In any post-conviction proceeding:    Pro se

(g) On appeal from any ruling against you in a post-conviction proceeding:    Pro se

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?    ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?    ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner is entitled to statutory tolling
under [28 U.S.C.§ 2244 (d) (2)], cause his postconviction
relief motion under Rule 61 was timely and
properly filed under state law.

AO 241
(Rev. 12/04)

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.  § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Due to the Constitutional
violations petitioner respectfully ask that the sentence
in which petitioner is serving be vacated,

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on    3-29-06    (month, date, year).

Executed (signed) on    March 22,2006    (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *

## Certificate of Service

I, _Rudolph V. Hardis_, hereby certify that I have served a true
and correct cop(ies) of the attached: _Writ of Habeas_
_Corpus_ _____ upon the following
parties/person (s):

TO: _U.S District Court_                    TO: _____
_844 King St._                              _____
_Lockerbox 18_                              _____
_Wilmington De._                            _____
_____19801_                                 _____

TO: _____                    TO: _____
_____                        _____
_____                        _____
_____                        _____
_____                        _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _29_ day of _March_ _____, 200 _6_

_____



Rudolph Hardin
# 180391    UNIT DE
AWARE CORRECTIONAL CENTER
PADDOCK ROAD
RNA, DELAWARE 19977



U.S.M.S.
X-RAY

U.S. District Court
844 King St.
Lockerbox 18
Wilmington, De.
19801

# ATTACHMENT

## A

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE     )
                        )
     v.                )
                        )    ID No. 02090008562
RUDOLPH V. HARDIN,     )
                        )
         Defendant.   )

## MEMORANDUM OPINION

*On Defendant's Motion for Postconviction Relief*
**DENIED**

Submitted:   July 27, 2005
Decided:   September 12, 2005

Andrew Vella, Esquire, Department of Justice, Wilmington, DE, Attorneys for the State

Rudolph V. Hardin, *Pro Se*

JOHNSTON, J.

Upon consideration of Defendant's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61, the Court finds as follows:

In May 2003, a Superior Court jury convicted defendant Rudolph V. Hardin of Trafficking in Cocaine, Possession with Intent to Deliver a Controlled Narcotic Schedule II Substance, Maintaining a Vehicle for Keeping Controlled Substances, and Possession of a Non-Narcotic Schedule I Controlled Substance.  On August 22, 2003, Hardin was sentenced to eight years imprisonment with probation to follow.  On March 11, 2004, the Delaware Supreme Court affirmed the conviction of the Superior Court.

Hardin now brings this Rule 61 Motion for Postconviction Relief. The motion alleges nine separate grounds for relief.  Hardin asserts violation of practically every constitutional right.  Defendant attempts to support his claim in an excessively long (116 pages) memorandum of law, supplemented by a 202-page appendix.  A majority of Hardin's allegations are procedurally barred under Rule 61(i), and the remaining contentions lack merit and warrant dismissal.

Grounds one, two, four and five of Hardin's motion are procedurally barred pursuant to Rule 61(i)(4).[1]  Grounds one and two contend that Defendant's due

---

[1]Super. Ct. Crim. R. 61(i)(4).  Former Adjudication: Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter

1

process rights were violated when the Court erroneously admitted evidence at trial. Hardin claims that the police lacked probable cause to effectuate a legal search; therefore, all of the evidence was illegally seized and incorrectly admitted by the Court. Additionally, Hardin argues that the Court inappropriately allowed the prosecution to present an alternative "plain view" approach supporting admissibility of the evidence. The record clearly demonstrates that the Supreme Court previously addressed these issues on appeal.

The Supreme Court concluded that the police properly obtained the evidence under the plain view and inevitable discovery doctrines. Also, the Supreme Court determined that the prosecution properly offered the evidence under these doctrines.[2] Following the legal acquisition and offering of evidence, the Superior Court correctly admitted the evidence and the admission is free of legal error.

Ground four of the motion asserts that Defendant's rights were violated when the Court incorrectly denied Defendant's Motion for Judgment of Acquittal. Defendant's motion alleged that the evidence presented at trial was insufficient to convict Defendant of possession with the intent to deliver cocaine. On direct

---

barred, unless reconsideration of the claim is warranted in the interest of justice.

[2]*Hardin v. State*, 844 A.2d 982 (Del. 2004).

2

B8

appeal, the Supreme Court determined that sufficient evidence existed to find

Defendant guilty of possession with intent to deliver cocaine. The quantity and

packaging of the drugs, the lack of paraphernalia for personal consumption, and

expert testimony, were sufficient to support a finding of intent to deliver.

Therefore, the Supreme Court previously has addressed the issue presented in

Defendant's Motion for Judgment of Acquittal.

Ground five alleges that Defendant's due process rights were violated when

the Court convicted Hardin of trafficking in cocaine despite a lack of sufficient

evidence. Defendant contends that because the State failed to show that

Defendant was in actual possession of the drugs, a finding of intent to traffic is

deficient. Contrary to Hardin's contentions, the Supreme Court concluded that the

"State presented sufficient evidence to establish Hardin's constructive possession

of the drugs under [the car's] sun visor."

Pursuant to Rule 61(i)(4) Defendant may avoid this procedural bar if

Defendant demonstrates that reconsideration of the claim is warranted in the

interest of justice.[3] This exception has been narrowly interpreted to include only

claims that question the authority of the Court to convict or punish the Defendant.[4]

---

[3]Super. Ct. Crim R. 61(i)(4).

[4]*Flamer v. State*, 585 A.2d 736, 746 (Del. 1990).

3

B9

Defendant has made no attempt to question this Court's, or any other Court's, authority to decide his case.

In ground three, Hardin alleges that his due process rights were violated when the trial court failed to follow several Delaware Rules of Evidence regarding expert witnesses. This ground for relief is procedurally barred under Rule 61(i)(3), in that it was available to Hardin during trial and on direct appeal. However, Hardin claims that due to ineffective assistance of counsel, he was unable to raise these claims during past proceedings.[5] A claim of ineffective assistance of counsel must pass the well-established, two-part *Strickland* test. To effectively prove a claim of ineffective counsel, the movant must show that counsel's representation fell below an objective standard of reasonableness *and* that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. There is a strong presumption that counsel's conduct was reasonable or could have been considered sound trial

---

[5]*Cobb v. State*, Del. Supr., No. 362, 1995, Hartnett, J.(Jan. 10, 1996)(Order) at 7 (A claim of ineffective assistance of counsel, if proven, may establish "cause" for relief from the procedural bar of Rule 61(i)(3)).

B16

strategy at the time.[6]  Further, the movant must corroborate the ineffective

assistance of counsel claim with concrete allegations of actual prejudice.[7]

Hardin offers no factual or legal evidence that supports his claim of

ineffective assistance of counsel.  Hardin simply mentions that he will

"demonstrate" how counsel was ineffective.  Hardin makes no further attempt

throughout his voluminous memorandum to explain how his counsel's conduct

feel below a reasonable standard, or how such conduct prejudiced his case.

Therefore, Defendant fails to show cause for relief from the Rule (i)(3) procedural

bar.

Ground six asserts that Defendant's constitutional protection against double

jeopardy was violated when his convictions of trafficking cocaine and intent to

deliver cocaine arose from the same incident.  This claim also is procedurally

barred pursuant to Rule 61(i)(3), as Defendant failed to bring this claim on direct

appeal.  Additionally, the merits of this claim are extremely weak.  Hardin failed to

make any cogent arguments supporting this allegation.  Hardin even acknowledges

that these are two distinct and separate crimes.  The evidence offered in support of

this claim in no way relates to any allegation of double jeopardy.  Hardin appears

---

[6]*Strickland v. Washington*, 466 U.S. 668,  689-90 (1984).

[7]*State v. Mason*, 1998 WL 449563, at *3 (Del. Super.).

5

B 11

to use this groundless claim as another opportunity to complaint about the supposed insufficiency and inadmissibility of evidence.

In ground seven, Petitioner alleges that his constitutional right to due process was violated when the State imposed an enhanced penalty, based on prior convictions, without the statutorily required notification and hearing. This claim was available on appeal and is procedurally barred pursuant to Rule 61(i)(3).

Once again, Hardin attempts to avoid this procedural bar by claiming counsel was ineffective. Counsel's decision not to argue these claims was neither unreasonable nor prejudicial to the outcome for the following reasons. Defendant inaccurately assumes he is conferred the rights afforded under 11 *Del. C.* § 4215. The statute only applies to defendant whose enhanced punishments are "*greater than the maximum* which may be imposed upon a person not so previously convicted."[8] Intent to deliver cocaine is a class C felony and first time offenders may be punished by incarceration of up to fifteen years.[9] Hardin's five-year sentence for intent to deliver does not exceed the maximum sentence. Therefore,

---

[8]11 *Del. C.* § 4215(a) ("If at the time of sentence, it appears to the court that the conviction of a defendant constitutes a second or other conviction making the defendant liable to *a punishment greater than the maximum which may be imposed upon a person not so previously convicted*, the court shall fully inform the defendant as to such previous conviction or convictions and shall call upon the defendant to admit or deny such previous conviction or convictions.") (emphasis added).

[9]11 *Del. C.* § 4205.

6

B12

11 *Del. C.* § 4215 is not applicable. Also, the evidentiary hearing that is mandated

in 11 *Del. C.* § 4751 is only required when the Attorney General attempts to

sentence the defendant as a nonaddict.[10] The Attorney General did not move to

sentence Hardin as a nonaddict; therefore, Hardin is not entitled to an evidentiary

hearing. This ineffective assistance of counsel claims fails to relieve defendant of

Rule 61(i)(3)'s bar to relief.

Ground eight asserts that Hardin's due process rights were violated when

officers intentionally offered perjured testimony and the prosecution

misrepresented evidence to secure a conviction. This claim is procedurally barred

by Rule 61(i)(3) because these grounds for relief were available throughout trial

and on direct appeal. Again, Defendant fails to satisfy the *Strickland* test. It is

more than reasonable to conclude that counsel did not pursue these allegations

because there was a complete lack of evidence. Hardin fails to demonstrate that

his counsel was aware of any substantial evidence to support law enforcement or

prosecutorial misconduct. Hardin is far from overcoming the strong presumption

that counsel's conduct was reasonable. Further, if counsel had addressed these

---

[10]16 *Del. C.* § 4751(d) ("Where an individual is convicted of a violation of subsection (a), subsection (b) or subsection(c) of this section and *the Attorney General may move to sentence the defendant as a nonaddict*, the court shall conduct a hearing at which the Attorney General shall have the burden of proof by a preponderance of the evidence that the defendant is a nonaddict.") (emphasis added).

7

claims, it is improbably that the result of the proceedings would have been different. The officers' supposed perjured testimony is irrelevant because the Supreme Court affirmed that all evidence was correctly obtained and admitted.

Hardin alleges dozens of other claims of ineffective assistance of counsel throughout his meandering 116-page submission. All of Hardin's contentions fail to pass the well-established, two-part *Strickland* test. This Court and the Supreme Court have directly and indirectly answered all questions relating to the acquisition and admittance of evidence, and it would have been futile for counsel to have further pursued these claims.

Petitioner also contends that frequent changes in his court-appointed representation amount to ineffective assistance of counsel. He argues that the Public Defender's shifting of counsel resulted in inadequately-informed and ill-prepared representation. These allegations are unsupported by the factual or legal arguments, and fail to overcome the strong presumption that counsel's conduct was reasonable. Hardin fails to corroborate the ineffective assistance of counsel claims with concrete allegations of actual prejudice.

Hardin asserts that counsel's failure to call Shakeeta Butler, and related witnesses, constitutes ineffective assistance of counsel. Trial counsel responded that she made a tactical decision not to call Ms. Butler. Ms. Butler failed to appear

B14

on time, as subpoenaed, for the first trial date, which was rescheduled. Counsel

informed the Court that Hardin was aware of, and at the time agreed with,

counsel's rationale. Hardin was fully aware of counsel's assessment of potential

evidence, as well as the strengths and weaknesses of the defense case.

THEREFORE, Defendant's Motion for Postconviction Relief is hereby

DENIED.

IT IS SO ORDERED.

The Honorable Mary M. Johnston

9

B15

# ATTACHMENT

# B

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| RUDOLPH V. HARDIN, | § |
| | § No. 444, 2005 |
| Defendant Below- | § |
| Appellant, | § |
| | § Court Below—Superior Court |
| v. | § of the State of Delaware |
| | § in and for New Castle County |
| STATE OF DELAWARE, | § Cr.A. Nos. IN02-09-1706 thru |
| | § 1709 |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: January 18, 2006
Decided:   March 8, 2006

Before **HOLLAND**, **JACOBS** and **RIDGELY**, Justices.

### O R D E R

This 8th day of March 2006, the Court has considered the appellee's motion to affirm pursuant to Supreme Court Rule 25(a) and finds it manifest on the face of the appellant's opening brief that the appeal is without merit for the reasons stated by the Superior Court in its well-reasoned decision dated September 12, 2005. We find no error or abuse of discretion on the part of the Superior Court in any respect. To the extent Hardin has failed to brief issues previously raised in the Superior Court, he has waived his right to pursue those issues in this appeal.[1] To the extent Hardin raises issues in

---

[1] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997).

this appeal that were not previously raised in the Superior Court, we decline to consider those issues.[2]

NOW, THEREFORE, IT IS ORDERED that the appellee's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_Jack B. Jacobs_
Justice

---

[2] Supr. Ct. R. 8.