# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Rudolph V. Hardin,
  Petitioner,

V.

Thomas C. Carroll, Warden
and Carl C. Danberg,
Attorney General of the State of Delaware,
  Respondents

CASE # 1:06-CV-220 (JJF)


FILED MAY 15 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

## Motion For Appointment Of Counsel

Petitioner, pro se, request this Honorable Court appoint counsel to represent petitioner because of the following:

1). The administration at the Delaware Correctional Center where petitioner is being held limits time and equal access to defense tools like others have the prosecutor, non-indigents and non-imprisoned. U.S.C.A. CA. 1st, 6th, 8th and 14th violations by government employees.

2). Constitutional violations include illegal abridgement of

due process and equal protection of the laws. U.S.C.A., CA. 14th. Denial of timely access to redress grievances. U.S.C.A., CA. 1st violations by government employees.

3). Counsel should be appointed because of complexity of case, handicaps imposed by state employees inabilities to fundamentally fair proceedings and to prevent any further obstruction of justice. U.S.C.A. CA. 6th, 8th, 14th violations by government employees.

4). Counsel should be appointed because of grave injustices including fraudulent representation of this case to the courts. U.S.C.A. CA. 6th, 8th, 14th violations by state employees.

5). The right to appointed counsel attaches prior to the filing of a formal legally sufficient habeas corpus petition. McFarland V. Scott, 512 U.S. 849, 855 (1994). Citizen only filed an application and wishes to amend with counsel, denial of it is pre-mature.

6). Counsel should be appointed in this case in the interest of justice and since petitioner is financially unable to afford counsel and already granted indigency by the Court.

7). Petitioner requires the guiding hand of counsel at every step in the proceedings against him (Powell V. Alabama, 53 S.Ct. 55 63 64), as the facts and laws of his may be underdeveloped. U.S. V. Male, 7 F.3d 1058, 1064 (1st Cir. 1993).

8). Exceptional circumstances are not necessary for appointment of counsel. Tabron V. Grace, 6 F.3d 147 (CA.3 Pa. 1993).

9). The McFarland Court emphasized a habeas petitioner's need for the assistance of counsel in avoiding the

pitfalls of heightened pleading requirements, the doctrines of procedural default and waiver, summary dismissal. Given these traps for the [citizen], the Court found that providing counsel prior to the filing of a motion was the only way to make the provision of counsel meaningful. Calderon v. U.S. Dist. Court, 98 F.3d 1102, at 1108 (9th Cir. 1992).

10). Appointment of counsel would serve the best interest of justice for the reasons stated in petitioner's motions and yet undiscovered defenses due to the illegal obstruction to information at Delaware Correc. Center by government employees, which has thus far caused prejudice to petitioner's case.

Therefore, petitioner respectfully request this Court grant his motion for appointment of counsel.

May 11, 2006
Date:

Rudy V. Hardin
Signature

Rudolph V. Hardin
S.B.I # 180391
1181 Paddock Road
Smyrna, De. 19977

## Certificate of Service

I, __Rudolph V. Hardin__, hereby certify that I have served a true And correct cop(ies) of the attached: __Motion for Appointment of Counsel__ upon the following parties/person (s):

TO: Attorney General's Office
Carvel State Office Bldg.
820 N. French St.
Wilmington, Delaware
19801

TO: Office Of The Clerk
United States District Court
844 N. King Street
Lockerbox 18
Wilmington, De. 19801

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE**, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __11th__ day of __May__, 200_6_



Rudolph J. Hardin
#180391  UNIT SE
DELAWARE CORRECTIONAL CENTER
181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

WILMINGTON DE 197
12 MAY 2006 PM 3 L

U.S.M.S
X-RAY

OFFICE The Clerk
United States District Court
844 N. King Street lockerbox 18
Wilmington, Delaware
19801