IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RUDOLPH V. HARDIN, :
:
        Petitioner, :
:
v. : Civ. Act. No. 06-220-JJF
:
THOMAS C. CARROLL, Warden, and :
CARL C. DANBERG, Attorney General :
of the State of Delaware, :
:
        Respondent. :

**O R D E R**

At Wilmington this 18 day of October, 2006;

IT IS ORDERED that:

Petitioner Rudolph V. Hardin's Motion For The Appointment Of Counsel is **DENIED** without prejudice to renew. (D.I. 6.)

Petitioner, acting pro se, has no automatic constitutional or statutory right to representation in this federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999). However, the Court may seek representation by counsel for Petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Tabron v. Grace, 6

F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A(a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

Here, Petitioner seeks representation by counsel because he is financially unable to retain counsel and he has limited access to the prison library. (D.I. 6.) However, Petitioner's filings in this Court indicate his ability to present his case, and it does not appear that expert testimony will be necessary or that the ultimate resolution of the Petition will depend upon credibility determinations. See, e.g. Parham v. Johnson, 126 F.3d 454, 460 (3d Cir. 1997)(citations omitted). Therefore, the Court concludes that the "interests of justice" do not warrant representation by counsel at this time.

_____
UNITED STATES DISTRICT JUDGE