## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

RUDOLPH V. HARDIN,      )
                            )
        Petitioner,     )
                            )
     v.               )     Civ.Act.No. 06-220-JJF
                            )
THOMAS CARROLL, Warden    )
and CARL C. DANBERG, Attorney  )
General for the State of Delaware  )
                            )
        Respondents.   )

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In May 2003, the petitioner, Rudolph V. Hardin, was convicted in a Delaware Superior Court jury trial of trafficking in cocaine, possession with intent to distribute a controlled narcotic schedule II substance, maintaining a vehicle for keeping controlled substances, and possession of a non-narcotic schedule I controlled substance. (Superior Court Criminal Docket #029008562, D.I. 32). Hardin was sentenced to a term of eight years imprisonment with a term of probation to follow. *Hardin v. State,* 2005 WL 2249504, at *1 (Del. Super. 2005)(*Hardin II*)(Exhibit A). On appeal, the Delaware Supreme Court affirmed Hardin's convictions and sentence. *Hardin v. State,* 844 A.2d 982 (Del. 2004)(*Hardin I*). Hardin filed a motion for postconviction relief in March 2005, which was denied by the Delaware Superior Court. *See Hardin II.* Superior Court, after sifting through Hardin's voluminous submissions, ruled that most of Hardin's

claims were procedurally barred by Superior Court Criminal Rule 61(i)(3) and (i)(4). *Id.*
at *1. In turn, Hardin's claims of ineffective assistance of counsel failed on the merits.
*Id.* Superior Court's decision in *Hardin II* was affirmed by the Delaware Supreme Court
in March 2006. *Hardin v. State,* 2006 WL 585559 (Del. 2006)(*Hardin III*)(Exhibit B).

Discussion

In his petition for federal habeas relief, Hardin raises the following grounds for
relief: (1) the police lacked probable cause to arrest and search his person and vehicle
and that the evidence derived from this illegal search should have been suppressed at
trial; (2) the State proffered the testimony of the arresting officer as both a factual witness
and an expert witness and, in doing so, impermissibly influenced the jury as to the weight
that must be given to the officer's factual testimony; (3) insufficient evidence was
presented to warrant conviction on the charge of possession with intent to distribute a
controlled narcotic schedule II substance; (4) that he was denied his rights under the
Confrontation Clause when the State did not call its informant to testify. Respondents
assume that Hardin's presentation of the first three claims parallels the claims he raised
on direct appeal. *See DeShields v. Snyder*, 829 F.Supp. 676, 678 n. 1 (D.Del. 1993).

*Claim One – Probable Cause to Search*

Hardin contends that the evidence seized by police from his person and vehicle
should have been excluded at trial as the evidence was obtained by an illegal search.
Hardin presented this claim on direct appeal, thus exhausting state remedies. The
Delaware Supreme Court, in *Hardin I*, described the circumstances of Hardin's arrest and
search:

> On September 13, 2000, Detectives Sullivan, Chickadel, and Freebery of
> the Wilmington Police Department were on patrol in Wilmington in an

2

unmarked FBI vehicle when Sullivan was approached by an informant who had provided the police with reliable information in the past. The informant said that a heavy-set black male wearing a blue hooded sweatshirt was sitting in a black Lincoln Continental near the corner of Fourth and Rodney Streets, selling crack cocaine.

The officers and other FBI task force members proceeded to the corner of Fourth and Rodney Streets, where they observed a man fitting the informant's description sitting in a black Lincoln Continental. The officers observed the man, later identified as the defendant, Rudolph Hardin, leave the car, walk over to a nearby house, and sit on the steps leading to the porch of the house. Chickadel ordered Hardin to stand up and put his hands on the porch. The detective then searched Hardin, finding seven small plastic bags of crack cocaine.

As Chickadel searched Hardin, Sullivan and Freebery approached Hardin's car. The front windows were down. Sullivan put his head into the car through the open driver's side window, and he then saw and seized a plastic bag of marijuana on the driver's door console. As Sullivan located and seized the marijuana, Freebery, who was standing outside the vehicle on the passenger's side, looked into the car and saw a plastic bag containing crack cocaine protruding from under the sun visor. Freebery reached into the car, grabbed the bag, and lowered it into Sullivan's hands.

*Hardin I,* 844 A.2d at 984. Before trial, Hardin moved to suppress the evidence seized from his person and vehicle on the grounds that the police lacked probable cause to perform the arrest and search. (Superior Court Criminal Docket #029008562, D.I. 7). Superior Court ruled the evidence admissible under the "plain view" and "inevitable discovery" doctrines. (Suppression Hearing Transcript (January 10, 2003) at 99). The Delaware Supreme Court agreed and held that both the material seized from Hardin's vehicle and his person were properly admitted at trial pursuant to the "plain view" and "inevitable discovery" doctrines. *Hardin I,* 844 A.2d at 985. The court declined to consider whether Hardin's arrest, effected prior to the search of his vehicle, was supported by probable cause. *Id.*

Hardin's Fourth Amendment claim is not cognizable in federal habeas. "Federal

habeas corpus is not available when state prisoners 'have been afforded the opportunity for full and fair consideration of their reliance upon the exclusionary rule with respect to seized evidence by the state courts at trial and on direct review…" *United States ex rel. Petillo v. New Jersey*, 562 F.2d 903, 907 (3d Cir. 1977)(*quoting Stone v. Powell*, 428 U.S. 465, 489 (1976)); *Deputy v. Taylor*, 19 F.3d 1485, 1491 (3d Cir. 1993). Given the litigation on the Fourth Amendment issue in the state courts, *Stone* precludes consideration of the point now.

*Claim Two: A Fact and Expert Witness*

Hardin next challenges the State's proffer of the chief investigating officer in Hardin's case, Corporal Liam Sullivan, as both a factual and expert witness. This claim was presented on direct appeal, Hardin thereby exhausting state remedies. At trial, Corporal Sullivan testified that in his opinion, based on his training and experience (Trial Transcript (May 28, 2003) at 21-26), Hardin intended to distribute the crack cocaine found in his possession. (Trial Transcript (May 28, 2003) at 39). Hardin's challenge to Sullivan's testimony is not cognizable in federal habeas review. A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Riley v. Taylor*, 277 F.3d 261, 310 n.8 (3d Cir. 2001).

Hardin has not contested the qualifications of Corporal Sullivan to testify as an expert. Hardin's only complaint is that it was unfairly prejudicial to permit a fact witness also to testify as an expert witness. The Delaware Supreme Court found the Superior

Court did not err by allowing Corporal Sullivan to testify as an expert witness, noting that police officers are frequently called upon to testify as both factual and expert witnesses. *Hardin I*, 844 A.2d at 988. There is nothing improper about a single witness providing both expert and factual testimony. *See United States v. Lackey*, 164 Fed.Appx. 205, 208 (3d Cir. 2003). *See also United States v. Castillo*, 77 F.3d 1480, 1499 (5th Cir. 1996) (*citing United States v. Moore*, 997 F.2d 55 (5th Cir. 1993)); *Eason v. United States*, 704 A.2d 284 (D.C. App. 1997); *United States v. Matos*, 905 F.2d 30, 34 (2d Cir.1990); *United States v. Rivera*, 971 F.2d 876, 888 (2nd Cir. 1992); *United States v. Young*, 745 F.2d 733, 760 (2d Cir.1984). As such, Hardin is not entitled to relief on this claim.

*Claim Three: Insufficient Evidence*

Hardin next challenges the sufficiency of the evidence adduced at trial with respect to the possession with intent to distribute cocaine charge. This claim was presented on direct appeal, thereby exhausting state remedies. According to Hardin, the prosecution failed to prove beyond a reasonable doubt that he constructively possessed the cocaine found in his vehicle. Under state law, 16 Del. C. §4701(30), "[p]ossession,' in addition to its ordinary meaning, includes location in or about the defendant's person, premises, belongings, vehicle, or otherwise within the defendant's control." On direct appeal, the Delaware Supreme Court held that cocaine found in Hardin's car was properly seized under the plain view doctrine. *Hardin I*, 844 A.2d at 985. The Court further held that the marijuana found in Hardin's vehicle and the cocaine found on Hardin's person were admissible under the inevitable discovery rule. *Id.* Finally, the Court, citing section 4701(30), found that the State had established constructive possession of the cocaine in the car. *Id.* at 990.

In determining whether sufficient evidence was presented to support a conviction, this Court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "Constructive possession exists if an individual 'knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons.'" *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992) (*quoting United States v. Blackston*, 940 F.2d 877, 883 (3d Cir. 1991)). During the suppression hearing, Corporal Sullivan, Detective Chicadel, and Detective Freebury testified that they each observed Hardin sitting alone in the vehicle when they first arrived on the scene. (Suppression Hearing Transcript (Jan 10, 2003) at 13, 38-39, 44, 49). Hardin himself was found to be in possession of crack cocaine – shortly after he left the vehicle. *Hardin I*, 844 A.2d at 990. Further, marijuana and a bag containing crack cocaine were visible from inside the vehicle. *Hardin I*, 844 A.2d at 990. Finally, Hardin never disputed ownership of the vehicle. There can be no other rational conclusion than Hardin exercised dominion over his own vehicle and the drugs, viewable in plain sight, within the vehicle where three police officers observed Hardin sitting alone in the vehicle and in possession of seven small bags of cocaine. As such, the state courts' analysis is reasonable under *Jackson* and Hardin is not entitled to relief.

*Claim Four: Confrontation Clause*

Hardin asserts that the prosecution was required under the Confrontation Clause to call as a witness the informant whose tip to the police led to his arrest. Hardin did not raise this claim on direct appeal of his conviction or in his motion for postconviction

6

relief. Therefore he has not properly exhausted this claim. *See e.g. Bailey v. Snyder*, 855 F.Supp. 1392, 1399 (D.Del. 1993); *aff'd*, 68 F.3d 736 (3d Cir. 1995).

If, however, there is no available state remedy, then Hardin is excused from the exhaustion requirement on his Confrontation Clause claim. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001). Hardin filed a direct appeal of his convictions in August 2003. (Superior Court Criminal Docket #029008562, D.I. 38). On direct appeal to the Delaware Supreme Court, Hardin failed to raise this Confrontation Clause claim. By not raising this issue on direct appeal, Hardin is procedurally barred from raising the claim in any postconviction motion. *See* DEL. SUPER. CT. CRIM. R. 61(i)(3). Moreover, because Hardin did not raise the issue in his first postconviction motion, the claim is foreclosed by Superior Court Criminal Rule 61(i)(2). Thus, Hardin is excused from the exhaustion requirement, but the claim is procedurally defaulted. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Hardin has not alleged cause for his failure to raise his Confrontation Clause claim on direct appeal or in his first postconviction motion. As a result, Hardin has not established cause for his procedural default, and that alone is sufficient to warrant dismissal of his Confrontation Clause claim. *E.g., Elliott v. Kearney*, 2004 WL 724958, *4 n.5 (D. Del. Mar. 31, 2004)(Exhibit C). *See also Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995) (citing cases).

In any event, Hardin cannot establish any actual prejudice. As a matter of law, the failure of the State to call a police informant to testify at trial is not a violation of the Confrontation Clause. *Cooper v. California*, 386 U.S. 58, 62 n. 2 (1967); *United States ex rel. Saunders v. Ziegler*, 319 F.Supp. 492, 498 (E.D. Pa. 1970). As such, Hardin is not entitled to relief on this claim.

Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Hardin's suppression hearing and jury trial have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

> /s/ James T. Wakley
> Deputy Attorney General
> Department of Justice
> 820 N. French Street
> Wilmington, DE 19801
> (302) 577-8500
> Del. Bar. ID No. 4612

DATE: October 20, 2006

Westlaw.

Not Reported in A.2d                                                                    Page 1

Not Reported in A.2d, 2005 WL 2249504 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

**H**
State v. HardinDel.Super.,2005.Only the Westlaw
citation is currently available.
UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.
Superior Court of Delaware.
STATE OF DELAWARE
v.
Rudolph V. HARDIN, Defendant.
Submitted July 27, 2005.
Decided Sept. 12, 2005.

On Defendant's Motion for Postconviction Relief
Denied.

Andrew Vella, Department of Justice, Wilmington,
DE, for the State.
Rudolph V. Hardin, pro se.

MEMORANDUM OPINION
JOHNSTON, J.
**\*1** Upon consideration of Defendant's Motion for
Postconviction Relief pursuant to Superior Court
Criminal Rule 61, the Court finds as follows:

In May 2003, a Superior Court jury convicted
defendant Rudolph V. Hardin of Trafficking in
Cocaine, Possession with Intent to Deliver a
Controlled Narcotic Schedule II Substance,
Maintaining a Vehicle for Keeping Controlled
Substances, and Possession of a Non-Narcotic
Schedule I Controlled Substance. On August 22,
2003, Hardin was sentenced to eight years
imprisonment with probation to follow. On March
11, 2004, the Delaware Supreme Court affirmed the
conviction of the Superior Court.

Hardin now brings this Rule 61 Motion for
Postconviction Relief. The motion alleges nine
separate grounds for relief. Hardin asserts violation
of practically every constitutional right. Defendant
attempts to support his claim in an excessively long
(116 pages) memorandum of law, supplemented by

a 202-page appendix. A majority of Hardin's
allegations are procedurally barred under Rule 61(i)
, and the remaining contentions lack merit and
warrant dismissal.

Grounds one, two, four and five of Hardin's motion
are procedurally barred pursuant to Rule 61(i)(4). [FN1]
Grounds one and two contend that Defendant's
due process rights were violated when the Court
erroneously admitted evidence at trial. Hardin
claims that the police lacked probable cause to
effectuate a legal search; therefore, all of the
evidence was illegally seized and incorrectly
admitted by the Court. Additionally, Hardin argues
that the Court inappropriately allowed the
prosecution to present an alternative "plain view"
approach supporting admissibility of the evidence.
The record clearly demonstrates that the Supreme
Court previously addressed these issues on appeal.

> FN1. Super. Ct.Crim. R. 61(i)(4). Former
> Adjudication: Any ground for relief that
> was formerly adjudicated, whether in the
> proceedings leading to the judgment of
> conviction, in an appeal, in a
> postconviction proceeding, or in a federal
> habeas corpus proceeding, is thereafter
> barred, unless reconsideration of the claim
> is warranted in the interest of justice.

The Supreme Court concluded that the police
properly obtained the evidence under the plain view
and inevitable discovery doctrines. Also, the
Supreme Court determined that the prosecution
properly offered the evidence under these doctrines.
[FN2] Following the legal acquisition and offering of
evidence, the Superior Court correctly admitted the
evidence and the admission is free of legal error.

> FN2. *Hardin v. State,* 844 A.2d 982
> (Del.2004).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d, 2005 WL 2249504 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Ground four of the motion asserts that Defendant's rights were violated when the Court incorrectly denied Defendant's Motion for Judgment of Acquittal. Defendant's motion alleged that the evidence presented at trial was insufficient to convict Defendant of possession with the intent to deliver cocaine. On direct appeal, the Supreme Court determined that sufficient evidence existed to find Defendant guilty of possession with intent to deliver cocaine. The quantity and packaging of the drugs, the lack of paraphernalia for personal consumption, and expert testimony, were sufficient to support a finding of intent to deliver. Therefore, the Supreme Court previously has addressed the issue presented in Defendant's Motion for Judgment of Acquittal.

Ground five alleges that Defendant's due process rights were violated when the Court convicted Hardin of trafficking in cocaine despite a lack of sufficient evidence. Defendant contends that because the State failed to show that Defendant was in actual possession of the drugs, a finding of intent to traffic is deficient. Contrary to Hardin's contentions, the Supreme Court concluded that the " State presented sufficient evidence to establish Hardin's constructive possession of the drugs under [the car's] sun visor."

*2 Pursuant to Rule 61(i)(4) Defendant may avoid this procedural bar if Defendant demonstrates that reconsideration of the claim is warranted in the interest of justice.[FN3] This exception has been narrowly interpreted to include only claims that question the authority of the Court to convict or punish the Defendant.[FN4] Defendant has made no attempt to question this Court's, or any other Court's, authority to decide his case.

> FN3. Super. Ct. Crim R. 61(i)(4).
>
> FN4. *Flamer v. State,* 585 A.2d 736, 746 (Del.1990).

In ground three, Hardin alleges that his due process rights were violated when the trial court failed to follow several Delaware Rules of Evidence regarding expert witnesses. This ground for relief is

procedurally barred under Rule 61(i)(3), in that it was available to Hardin during trial and on direct appeal. However, Hardin claims that due to ineffective assistance of counsel, he was unable to raise these claims during past proceedings.[FN5] A claim of ineffective assistance of counsel must pass the well-established, two-part *Strickland* test. To effectively prove a claim of ineffective counsel, the movant must show that counsel's representation fell below an objective standard of reasonableness *and* that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. There is a strong presumption that counsel's conduct was reasonable or could have been considered sound trial strategy at the time.[FN6] Further, the movant must corroborate the ineffective assistance of counsel claim with concrete allegations of actual prejudice.[FN7]

> FN5. *Cobb v. State,* Del.Supr., No. 362, 1995, Hartnett, J.(Jan. 10, 1996)(Order) at 7 (A claim of ineffective assistance of counsel, if proven, may establish "cause" for relief from the procedural bar of Rule 61(i)(3)).
>
> FN6. *Strickland v. Washington,* 466 U.S. 668, 689-90 (1984).
>
> FN7. *State v. Mason,* 1998 WL 449563, at *3 (Del.Super.).

Hardin offers no factual or legal evidence that supports his claim of ineffective assistance of counsel. Hardin simply mentions that he will " demonstrate" how counsel was ineffective. Hardin makes no further attempt throughout his voluminous memorandum to explain how his counsel's conduct feel below a reasonable standard, or how such conduct prejudiced his case. Therefore, Defendant fails to show cause for relief from the Rule (i)(3) procedural bar.

Ground six asserts that Defendant's constitutional protection against double jeopardy was violated when his convictions of trafficking cocaine and intent to deliver cocaine arose from the same

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                  Page 3

Not Reported in A.2d, 2005 WL 2249504 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

incident. This claim also is procedurally barred pursuant to Rule 61(i)(3), as Defendant failed to bring this claim on direct appeal. Additionally, the merits of this claim are extremely weak. Hardin failed to make any cogent arguments supporting this allegation. Hardin even acknowledges that these are two distinct and separate crimes. The evidence offered in support of this claim in no way relates to any allegation of double jeopardy. Hardin appears to use this groundless claim as another opportunity to complaint about the supposed insufficiency and inadmissibility of evidence.

In ground seven, Petitioner alleges that his constitutional right to due process was violated when the State imposed an enhanced penalty, based on prior convictions, without the statutorily required notification and hearing. This claim was available on appeal and is procedurally barred pursuant to Rule 61(i)(3).

*3 Once again, Hardin attempts to avoid this procedural bar by claiming counsel was ineffective. Counsel's decision not to argue these claims was neither unreasonable nor prejudicial to the outcome for the following reasons. Defendant inaccurately assumes he is conferred the rights afforded under 11 *Del. C.* § 4215. The statute only applies to defendant whose enhanced punishments are " *greater than the maximum* which may be imposed upon a person not so previously convicted." FN8 Intent to deliver cocaine is a class C felony and first time offenders may be punished by incarceration of up to fifteen years.FN9 Hardin's five-year sentence for intent to deliver does not exceed the maximum sentence. Therefore, 11 *Del. C.* § 4215 is not applicable. Also, the evidentiary hearing that is mandated in 11 *Del. C.* § 4751 is only required when the Attorney General attempts to sentence the defendant as a nonaddict.FN10 The Attorney General did not move to sentence Hardin as a nonaddict; therefore, Hardin is not entitled to an evidentiary hearing. This ineffective assistance of counsel claims fails to relieve defendant of Rule 61(i)(3)'s bar to relief.

FN8. 11 *Del. C.* § 4215(a) ("If at the time of sentence, it appears to the court that the

conviction of a defendant constitutes a second or other conviction making the defendant liable to *a punishment greater than the maximum which may be imposed upon a person not so previously convicted,* the court shall fully inform the defendant as to such previous conviction or convictions and shall call upon the defendant to admit or deny such previous conviction or convictions.") (emphasis added).

FN9. 11 *Del. C.* § 4205.

FN10. 16 *Del. C.* § 4751(d) ("Where an individual is convicted of a violation of subsection (a), subsection (b) or subsection (c) of this section and *the Attorney General may move to sentence the defendant as a nonaddict,* the court shall conduct a hearing at which the Attorney General shall have the burden of proof by a preponderance of the evidence that the defendant is a nonaddict.") (emphasis added).

Ground eight asserts that Hardin's due process rights were violated when officers intentionally offered perjured testimony and the prosecution misrepresented evidence to secure a conviction. This claim is procedurally barred by Rule 61(i)(3) because these grounds for relief were available throughout trial and on direct appeal. Again, Defendant fails to satisfy the *Strickland* test. It is more than reasonable to conclude that counsel did not pursue these allegations because there was a complete lack of evidence. Hardin fails to demonstrate that his counsel was aware of any substantial evidence to support law enforcement or prosecutorial misconduct. Hardin is far from overcoming the strong presumption that counsel's conduct was reasonable. Further, if counsel had addressed these claims, it is improbably that the result of the proceedings would have been different. The officers' supposed perjured testimony is irrelevant because the Supreme Court affirmed that all evidence was correctly obtained and admitted.

Hardin alleges dozens of other claims of ineffective

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                          Page 4

Not Reported in A.2d, 2005 WL 2249504 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

assistance of counsel throughout his meandering 116-page submission. All of Hardin's contentions fail to pass the well-established, two-part *Strickland* test. This Court and the Supreme Court have directly and indirectly answered all questions relating to the acquisition and admittance of evidence, and it would have been futile for counsel to have further pursued these claims.

Petitioner also contends that frequent changes in his court-appointed representation amount to ineffective assistance of counsel. He argues that the Public Defender's shifting of counsel resulted in inadequately-informed and ill-prepared representation. These allegations are unsupported by the factual or legal arguments, and fail to overcome the strong presumption that counsel's conduct was reasonable. Hardin fails to corroborate the ineffective assistance of counsel claims with concrete allegations of actual prejudice.

*4 Hardin asserts that counsel's failure to call Shakeeta Butler, and related witnesses, constitutes ineffective assistance of counsel. Trial counsel responded that she made a tactical decision not to call Ms. Butler. Ms. Butler failed to appear on time, as subpoenaed, for the first trial date, which was rescheduled. Counsel informed the Court that Hardin was aware of, and at the time agreed with, counsel's rationale. Hardin was fully aware of counsel's assessment of potential evidence, as well as the strengths and weaknesses of the defense case.

THEREFORE, Defendant's Motion for Postconviction Relief is hereby DENIED.

IT IS SO ORDERED.

Del.Super.,2005.
State v. Hardin
Not Reported in A.2d, 2005 WL 2249504 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

894 A.2d 406                                                            Page 1

894 A.2d 406, 2006 WL 585559 (Del.Supr.)
**(Cite as: 894 A.2d 406)**

**H**
Briefs and Other Related Documents
Hardin v. StateDel.Supr.,2006.(The decision of the
Court is referenced in the Atlantic Reporter in a '
Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Rudolph V. HARDIN, Defendant Below-Appellant,
v.
STATE of Delaware, Plaintiff Below-Appellee.
**No. 444,2005.**

Submitted: Jan. 18, 2006.
Decided: March 8, 2006.

Court Below-Superior Court of the State of
Delaware, in and for New Castle County, Cr.A.
Nos. IN02-09-1706 thru 1709.

Before HOLLAND, JACOBS and RIDGELY,
Justices.

*ORDER*
JACOBS, Justice.
*1 This 8th day of March 2006, the Court has
considered the appellee's motion to affirm pursuant
to Supreme Court Rule 25(a) and finds it manifest
on the face of the appellant's opening brief that the
appeal is without merit for the reasons stated by the
Superior Court in its well-reasoned decision dated
September 12, 2005. We find no error or abuse of
discretion on the part of the Superior Court in any
respect. To the extent Hardin has failed to brief
issues previously raised in the Superior Court, he
has waived his right to pursue those issues in this
appeal.[FN1] To the extent Hardin raises issues in
this appeal that were not previously raised in the
Superior Court, we decline to consider those issues.
[FN2]

FN1. *Somerville v. State,* 703 A.2d 629,
631 (Del.1997).

FN2. Supr. Ct. R. 8.

NOW, THEREFORE, IT IS ORDERED that the
appellee's motion to affirm is GRANTED. The
judgment of the Superior Court is AFFIRMED.

Del.Supr.,2006.
Hardin v. State
894 A.2d 406, 2006 WL 585559 (Del.Supr.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 500962 (Appellate Brief) Apellants
Opening Brief (Jan. 05, 2006) Original Image of
this Document with Appendix (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                 Page 1

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Elliott v. KearneyD.Del.,2004.Only the Westlaw
citation is currently available.
United States District Court,D. Delaware.
Curtis ELLIOTT, Petitioner,
v.
Rick KEARNEY, Warden, Respondent.
**No. Civ.A. 02-205-KAJ.**

March 31, 2004.

Curtis Elliott, Petitioner, pro se.
Thomas E. Brown, Deputy Attorney General,
Delaware Department of Justice, Wilmington,
Delaware, for Respondent.

MEMORANDUM OPINION
JORDAN, J.

I. INTRODUCTION

*1 Petitioner Curtis Elliott is presently incarcerated
at the Delaware Correctional Facility ("D.C.C.") in
Smyrna, Delaware. On March 18, 2002, Elliott filed
an application for a writ of habeas corpus pursuant
to 28 U.S.C. § 2254, acting *pro se*. (D.I.1.) He has
also filed a letter motion for the appointment of
counsel and DNA testing, a motion for summary
judgment, and a motion for issuance of the writ
pursuant to 28 U.S.C. § 2243. (D.I. 37; D.I. 47; D.I.
55.) For the reasons set forth below, the Court will
deny Elliott's petition. (D.I.1.) The Court will also
deny his motions as moot. (D.I. 37; D.I. 47; D.I. 55.)

II. PROCEDURAL AND FACTUAL
BACKGROUND

On April 13, 2000, Elliott attacked Desiderio S.
Perez with a knife. Consequently, Elliott was
charged by information in the Delaware Superior
Court with four offenses: possession of a deadly
weapon during the commission of a felony, second

degree assault, possession of a deadly weapon by a
person prohibited, and misdemeanor theft. On
October 26, 2000, Elliott, represented by counsel,
pled guilty to second degree assault. In return, the
State entered a *nolle prosequi* as to the remaining
three charges.

On December 8, 2000, the Delaware Superior Court
sentenced Elliott to eight years incarceration,
suspended after four years for decreasing levels of
probation. Elliott did not file a direct appeal. *See
Elliott v. State,* No. 270, 2001, Order at ¶ 3 (Del.
Aug. 23, 2001).

On April 17, 2001, Elliott filed his first motion for
state post-conviction relief pursuant to Superior
Court Criminal Rule 61, alleging ineffective
assistance of counsel. (D.I. 13, Ex. G to State's
Motion to Affirm in No. 270, 2001.) The Superior
Court denied the motion on April 27, 2002. Elliott
never appealed. (D.I. 13, Ex. H to State's Motion to
Affirm in No. 270, 2001.)

In May 2001, Elliott filed a second Rule 61 motion.
(D.I. 13, Exs. I and J to State's Motion to Affirm in
No. 270,2001.) The Superior Court denied the
motion, and the Delaware Supreme Court affirmed
this decision on appeal. *See Elliott v. State,* No.
270,2001 (Del. Aug. 23, 2001); (D.I. 13, Ex. A to
State's Motion to Affirm in No. 270,2001.)

The Delaware Superior Court denied Elliott's third
Rule 61 motion. This decision was affirmed on
appeal. *Elliott v. State,* No. 554, 2001 (Del. Feb. 4,
2002).

Currently before the Court is Elliott's petition for
the federal writ of habeas corpus.

III. LEGAL PRINCIPLES GOVERNING
EXHAUSTION AND PROCEDURAL DEFAULT

A federal district court may consider a habeas

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 2

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

*2 (A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). However, a state can expressly waive the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(3).

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). However, if the petitioner raised the issue on direct appeal in the correct procedural manner, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1996); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines,* 208 F.3d at 160; *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S.

288, 297-98 (1989). Although deemed exhausted, such claims are still considered to be procedurally defaulted. *Lines,* 208 F.3d at 160. In addition, where a state court refuses to consider a petitioner's claims because he failed to comply with an independent and adequate state procedural rule, his claims are deemed exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255 263 (1989); *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

*3 Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a miscarriage of justice, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). A petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 3

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

### IV. DISCUSSION

Elliott filed his habeas petition and supporting memorandum on March ` 18, 2002. [FN1] (D.I. 1; D.I.2.) He contends that his defense attorney provided ineffective assistance of counsel by failing to conduct DNA testing on the "alleged deadly weapon." (D.I. 1 at 5.) The State properly acknowledges that Elliott exhausted state remedies by presenting this argument to the Delaware Supreme Court in his second and third post-conviction appeals. *See* Op. Br. In No. 270, 2002 at 10; *Smith v. Digmon,* 434 U.S. 332, 333 (1978); *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

> FN1. Since then, Elliott has filed numerous documents in support of his petition, either titled as traverses, memoranda in support, or even an amended petition. (D.I.29; D.I. 35; D.I. 38; D.I. 39; D.I. 41; D.I. 44). To the extent these documents merely support and expand the original ineffective assistance of counsel claim, the Court will consider them in its review.

A finding of exhaustion does not end the Court's inquiry, however, because a federal habeas court " must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer,* 864 F.2d 306, 310 (3d Cir.1989). Here, the State asks the Court to dismiss Elliott's petition as procedurally barred by the independent and adequate state law ground of Delaware Superior Court Criminal Rule 61(i)(2). (D.I. 10 at 2-4.)

The procedural default issue arises because Elliott did not raise his current ineffective assistance/DNA argument [FN2] in his first post-conviction motion. Instead, Elliott's first post-conviction motion alleged that his defense counsel provided ineffective assistance of counsel by not raising the issue of a conflict of interest between Elliott and the judge. (D.I. 13, Ex. G & Ex. H to the State's Motion to Affirm in No. 270,2001.) On April 27, 2001, the Superior Court denied this claim on the merits. (D.I.

13, Ex. H to the State's Motion to Affirm in No. 270,2001.)

> FN2. For ease of discussion, the Court will refer to Elliott's present ineffective assistance claim in this manner.

When Elliott did raise his ineffective assistance/DNA argument in his second post-conviction motion, the Superior Court denied the claim as procedurally barred under Rule 61(i)(2). Specifically, Elliott's failure to raise the issue in the first post-conviction motion barred him from raising it in his second post-conviction motion.[FN3] (D.I.13, Ex. A.) On appeal, the Delaware Supreme Court affirmed this decision, stating that "[t]o the extent Elliott's motion included claims that were not made in his previous postconviction motion, the motion was procedurally barred as repetitive [under Super. Ct.Crim. R. 61(i)(2) ]." *Elliott v. State,* No.270, 2001, Order at ¶ 4 & n. 5 (Del. Aug. 23, 2001).

> FN3. The Superior Court also concluded that Elliott's claim did not satisfy the " interest of justice" exception to procedural default. (D.I. 13, Ex. A to State's Motion to Affirm in No. 270,2001.)

*4 By applying the procedural bar of Rule 61, the Delaware Supreme Court articulated a "plain statement," under *Harris v. Reed,* 489 U.S. 255, 263-64 (1989), that its decision rested on state law grounds. *See Ylst v. Nunnemaker,* 501 U.S. 797 (1991). This Court has repeatedly held that Rule 61(i)(2) constitutes an independent and adequate state procedural rule precluding federal habeas review. *Kirk v. Carroll,* 243 F.Supp.2d 125, 145 (D.Del.2003); *Maxion v. Snyder,* 2001 WL 848601, at *12 (D.Del. July 27, 2001); *Carter v. Neal,* 910 F.Supp. 143, 149-50 (D.Del.1995). As such, federal habeas review of this claim is precluded unless Elliott establishes cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will result if the Court refuses to hear this claim. *See* 28 U.S.C. § 2254(a); *Coleman v.. Thompson,* 501 U.S. 722, 750 (1991); *Caswell v.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                      Page 4

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

*Ryan,* 953 F.2d 853, 860-61 (3d Cir.1992).

Elliott alleges that, during the plea colloquy, the Delaware Superior Court and his attorney told him he could not appeal his guilty plea. He contends that this information prevented him from including the ineffective assistance/DNA argument in his first post-conviction motion.[FN4] (D.I.29.) In effect, Elliott is asserting that his counsel's statement and the Superior Court's statement regarding his right to appeal were an external factor constituting cause for his procedural default. However, Elliott has failed to demonstrate how this statement regarding an appeal prevented him from raising the ineffective assistance/DNA argument in his first post-conviction motion.

> FN4. To the extent Elliott argues that these statements constitute cause for his failure to raise this claim on appeal, the argument fails. In Delaware, ineffective assistance of counsel claims should not first be brought on direct appeal, but rather, in a Rule 61 motion for post-conviction relief. *Williams v. State,* 682 A.2d 627, at * *3 (Del.1996) (collecting cases). Any information regarding his right to appeal had no effect on his ability to bring a Rule 61 motion.

His contention is even more puzzling because the statement regarding his right to appeal obviously did not prevent him from filing the post-conviction motion in the first place. Moreover, despite his repetitive assertions that he is not a lawyer and does not understand the law, a lack of legal knowledge does not constitute cause for procedural default.[FN5] *See Cristin v. Brennan,* 281 F.3d 404, 420 (3d Cir.2002) ("cause cannot be based on the mere inadvertence of the petitioner ... to take an appeal"); *Desmond v. Snyder,* 1999 WL 33220036, at *19 (D.Del. Nov. 16, 1999).

> FN5. To the extent Elliott is alleging his counsel's ineffective assistance as cause for his failure to raise the issue in his first post-conviction motion, this contention fails. Ineffective assistance of counsel can

only constitute cause for a procedural default if it rises to the level of a Sixth Amendment violation. *See Murray v. Carrier,* 477 U.S. at 488. Elliott had no right to representation during his post-conviction proceeding. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). His counsel's alleged failure to inform him of his right to raise issues in a Rule 61 motion therefore cannot establish cause for his procedural default. *Coleman,* 501 U.S. at 152; *Cristin,* 281 F.3d at 420.

Further, Elliott has not demonstrated actual prejudice resulting from his attorney's failure to provide DNA testing.[FN6] He argues that prejudice is shown by the fact that he would not have pled guilty if his attorney had done the DNA testing because such testing would have established his innocence. *See generally Hill v. Lockhart,* 474 U.S. 52, 60 (1985) (in a guilty plea context, petitioner must demonstrate how the errors of counsel undermined his decision to plead guilty). However, this conclusory statement does not demonstrate actual prejudice. "Mere allegations by a defendant that he would have ple[d] differently and insisted on going to trial are insufficient to establish prejudice." *Werts v. Vaughn,* 228 F.3d at 193; *Thomas v. Snyder,* 2001 WL 1297812, at *4 (D.Del. Oct. 3, 2001).

> FN6. Upon finding that Elliott has not established cause for his procedural default, the Court need not reach the question of whether he has shown any actual prejudice. *See Coleman,* 501 U.S. at 752, 757; *Smith v. Murray,* 477 U.S. 527, 533 (1986). However, because Elliott has submitted numerous documents addressing the procedural default issue, the Court will address the prejudice issue.

*5 Moreover, the fact that Elliott derived substantial benefits from pleading guilty increases his burden in establishing prejudice. In exchange for his plea, the State dropped three charges: possession of a deadly weapon during the commission of a felony, possession of a deadly

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                              Page 5

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

weapon by a person prohibited, and misdemeanor theft. If a jury convicted Elliott of these charges, he would have faced a jail term significantly greater than his eight year sentence.

Finally, to the extent Elliott argues that his attorney's failure to provide DNA testing prejudiced him because he entered his plea involuntarily, this argument fails. Elliott himself acknowledges that he knew prior to accepting the plea that his counsel had not conducted DNA testing on the weapon. However, he still decided to plead guilty. The Superior Court engaged in a thorough plea colloquy, affording Elliott numerous occasions to reject the the plea agreement. If, as Elliott now claims, he was dissatisfied with his attorney's failure to provide DNA testing, he could have mentioned this fact at the plea colloquy. Yet, Elliott told the Superior Court that he was satisfied with his legal representation. (D.I. 13, Ex. F at 6 to State's Motion to Affirm in No. 270,2001.) Elliott is bound by these statements made under oath in open court. *See* *Blackledge v. Allison,* 431 U.S. 63, 73-4 (1997); *Lesko v. Lehman,* 925 F.2d 1527, 1537 (3d Cir.1991).

The only other way for the Court to excuse Elliott's procedural default is under the "miscarriage of justice exception." Pursuant to this exception, a court may excuse a procedural default if the petitioner demonstrates actual innocence. *See* *Murray,* 477 U.S. at 496. However, the " miscarriage of justice" exception applies only in " extraordinary cases." *See* *Coleman,* 501 U.S. at 749.

As explained above, the record demonstrates that Elliott knowingly and voluntarily entered his guilty plea. Indeed, Elliott specifically stated that he did, in fact, assault the victim with a knife. (D.I. 13, Ex. F at 5 to State's Motion to Affirm in No. 270,2001.) This "[s]olemn declaration in open court carr[ies] a strong presumption of verity" which is not overcome by Elliott's unsubstantiated claims of actual innocence. *Blackledge,* 431 U.S. at 73-74. As such, his assertions fail to demonstrate that the Court's refusal to review this claim will result in a fundamental miscarriage of justice.

In short, the Court concludes that Elliott has failed

to provide a reason excusing his procedural default. Accordingly, his federal habeas petition will be dismissed as procedurally barred.

## V. MOTIONS

In addition to his habeas petition, Elliott has filed three motions: a letter motion for the appointment of counsel and DNA testing, a motion for summary judgment, and a motion for issuance of the writ pursuant to 28 U.S.C. § 2243. (D.I. 37; D.I. 47; D.I. 55.)

It is well settled that a petitioner does not have a Sixth Amendment right to counsel in a habeas proceeding. *See* *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *United States v. Roberson,* 194 F.3d 408, 415 n. 5 (3d Cir.1999). However, a district court may appoint counsel to represent an indigent habeas petitioner "if the interest of justice so requires." Rule 8(c), 28 U.S.C. *foll.* § 2254. As explained above, the Court is dismissing Petitioner's § 2254 petition. In these circumstances, the " interests of justice" do not require the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B). Thus, the Court will deny this motion, and his concurrent request for DNA testing, as moot.

*6 Similarly, because the Court has reviewed Elliott's habeas petition and has concluded that federal habeas review is procedurally barred, the Court will deny Elliott's motions for summary judgment and for issuance of the writ under 28 U.S.C. § 2243 as moot.

## VI. CERTIFICATE OF APPEALABILITY

Finally, this Court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a " substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner establishes a "substantial showing" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                    Page 6

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

U.S. 473, 484 (2000).

Additionally, when a federal court denies a habeas
petition on procedural grounds without reaching the
underlying constitutional claims, the court is not
required to issue a certificate of appealability unless
the petitioner demonstrates that jurists of reason
would find the following debatable: (1) whether the
petition states a valid claim of the denial of a
constitutional right; and (2) whether the court was
correct in its procedural ruling. *Id.* "Where a plain
procedural bar is present and the district court is
correct to invoke it to dispose of the case, a
reasonable jurist could not conclude either that the
district court erred in dismissing the petition or that
the petitioner should be allowed to proceed further."
*Id.*

The Court concludes that Elliott's claims are
procedurally barred. Reasonable jurists would not
find this conclusion unreasonable. Consequently,
Elliott has failed to make a substantial showing of
the denial of a constitutional right, and a certificate
of appealability will not issue.

### VII. CONCLUSION

For the foregoing reasons, the Court will deny
Elliott's § 2254 petition, and finds no basis for the
issuance of a certificate of appealabilty. An
appropriate order will follow.

### ORDER

For the reasons set forth in the Memorandum
Opinion issued this date, IT IS HEREBY
ORDERED that:
1. Curtis Ellliot's petition for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254 (D.I.1.) is
DENIED.
2. Curtis Elliott's motion for the appointment of
counsel and DNA testing is DENIED as moot.
(D.I.37.)
3. Curtis Elliott's motion for summary judgment is
DENIED as moot. (D.I.47.)
4. Curtis Elliott's motion for issuance of the writ
under 28 U.S .C. § 2243 is DENIED as moot.

(D.I.55.)
5. The Court declines to issue a certificate of
appealability.

IT IS SO ORDERED.

D.Del.,2004.
Elliott v. Kearney
Not Reported in F.Supp.2d, 2004 WL 724958
(D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2006, I electronically filed the attached

documents with the Clerk of Court using CM/ECF. I also hereby certify that on October

20, 2006, I have mailed by United States Postal Service, the same documents to the

following non-registered participant:

Rudolph V. Hardin
SBI No. 00180391
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612
james.wakley@state.de.us

Date:  October 20, 2006