IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RUDOLPH V. HARDIN,                    :
                                      :
            Petitioner,               :
                                      :
    v.                                :   Civ. Act. No. 06-220-JJF
                                      :
THOMAS CARROLL, Warden, and JOSEPH :
R. BIDEN, III, Attorney General       :
of the State of Delaware,             :
                                      :
            Respondents.[1]           :

---

Rudolph V. Hardin.  Pro se Petitioner.

James Turner Wakley, Deputy Attorney General of the DELAWARE
DEPARTMENT OF JUSTICE, Wilmington, Delaware.  Attorney for
Respondent.

---

**MEMORANDUM OPINION**

July 23, 2007
Wilmington, Delaware

---

[1]Attorney General Joseph R. Biden, III assumed office in
January, 2007, replacing former Attorney General Carl C. Danberg,
an original party to this case. See Fed. R. Civ. P. 25(d)(1).

Farnan, District Judge

Pending before the Court is an Application For A Writ Of
Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by
Petitioner Rudolph V. Hardin ("Petitioner"). (D.I. 2.)  For the
reasons discussed, the Court will dismiss the Petition and deny
the relief requested.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On September 13, 2000, an informant provided one of three
law enforcement officers on patrol in the City of Wilmington with
information that a heavy-set black male wearing a blue hooded
sweatshirt was sitting in a black Lincoln Continental near the
corner of Fourth and Rodney streets, selling crack cocaine.
Officers Chickadel, Sullivan, and Freebery, who were members of
the Wilmington Police Department and members of the FBI Task
Force, proceeded with other FBI Task Force officers to the corner
of Fourth and Rodney Streets, where they observed a man fitting
the informant's description sitting in a black Lincoln
Continental.  The officers observed the man, later identified as
Petitioner, leave the car, walk over to a nearby house, and sit
on the steps leading to the porch of the house.  Officer
Chickadel ordered Petitioner to stand up and put his hands on the
porch.  Officer Chickadel then searched Petitioner, finding seven
small plastic bags of cocaine.  Hardin v. State, 844 A.2d 982,
984 (Del. 2004).

1

While Officer Chickadel searched Petitioner, Officers Sullivan and Freebery approached Petitioner's car. The front windows were down. Officer Sullivan put his head into the car through the open driver's side window, and he then saw and seized a plastic bag of marijuana on the driver's door console. As Officer Sullivan located and seized the marijuana, Officer Freebery, who was standing outside the vehicle on the passenger's side, looked into the car and saw a plastic bag containing crack cocaine protruding from under the sun visor. Officer Freebery reached into the car, grabbed the bag, and lowered it into Officer Sullivan's hands. Id.

Petitioner was indicted on charges of trafficking cocaine, possession of cocaine with intent to deliver, maintaining a vehicle for keeping controlled substances, and possession of marijuana. Prior to trial, Petitioner moved to suppress the drug evidence obtained from the vehicle and his person as the fruit of an unlawful search and seizure. The Superior Court conducted a suppression hearing and denied the motion. Id. at 985.

In May 2003, a Delaware Superior Court jury convicted Petitioner of trafficking in cocaine, possession with intent to distribute a controlled narcotic schedule II substance, maintaining a vehicle for keeping controlled substances, and possession of a non-narcotic schedule I controlled substance. Petitioner moved for judgment of acquittal on the ground that the

2

State had failed to provide sufficient proof of intent to distribute a level II narcotic for the jury to convict on this charge.  The Superior Court denied the motion, and sentenced Petitioner to eight years in prison followed by probation.  Id.; See also Hardin v. State, 2005 WL 2249504, at *1 (Del. Super. Ct. 2005).  Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentences.  See generally Hardin, 844 A.2d 982.

In March 2005, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  The Superior Court denied eight of Petitioner's nine claims as barred by Superior Court Criminal Rules 61(i)(3) and (4), and denied Petitioner's remaining ineffective assistance of counsel claim as meritless.  Hardin, 2005 WL 2249504.  On post-conviction appeal, the Delaware Supreme Court affirmed the Superior Court's judgment.  Hardin v. State, 894 A.2d 406 (Table), 2006 WL 585559 (Del. Mar. 8, 2006).

Petitioner timely filed the instant Petition in April, 2006. (D.I. 2.)  The State filed an Answer, asserting that the Petition should be dismissed.  (D.I. 20.)

## II.  GOVERNING LEGAL PRINCIPLES

### A. EXHAUSTION AND PROCEDURAL DEFAULT

Absent exceptional circumstances, a federal court cannot review a habeas petition unless the petitioner has exhausted all

means of available relief for his claims under state law.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971).  A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the state courts to consider it on the merits.  See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

If a petitioner fairly presents a habeas claim to the state's highest court, but the state court refuses to consider the claim because the petitioner failed to comply with an independent and adequate state procedural rule, the claim is deemed exhausted but procedurally defaulted.  Harris v. Reed, 489 U.S. 255, 263 (1989); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).  Federal courts cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims.  McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992).  To demonstrate cause for a

4

procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Murray, 477 U.S. at 496; Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). Actual innocence means factual innocence, not legal insufficiency, and the miscarriage of justice exception applies only in extraordinary cases. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

5

**B.  STANDARD OF REVIEW**

If the state's highest court adjudicated a federal habeas claim on the merits, then a federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). A state court decision constitutes an adjudication on the merits for the purposes of § 2254(d) if the "decision finally resolv[es] the parties' claims, with res judicata effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004)(internal citations omitted), rev'd on other grounds by Rompilla v. Beard, 545 U.S. 374 (2005).  Pursuant to § 2254(d), federal habeas relief may only be granted when the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial.  28 U.S.C. § 2254(d)(1) & (2); Williams v. Taylor, 529 U.S. 362, 412 (2000);  Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001).

When reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct.  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to

6

the contrary.  28 U.S.C. § 2254(e)(1);  Campbell v. Vaughn, 209
F.3d 280, 286 (3d Cir. 2000);  Miller-El v. Cockrell, 537 U.S.
322, 341 (2003)(stating that the clear and convincing standard in
§ 2254(e)(1) applies to factual issues, whereas the unreasonable
application standard of § 2254(d)(2) applies to factual
decisions).

## III.  DISCUSSION

Petitioner asserts four grounds for relief: (1) the evidence
seized during the police search of Petitioner's vehicle should
have been suppressed at trial because the police did not have
probable cause to conduct the search and arrest Petitioner; (2)
Officer Sullivan's testimony as both a factual witness and an
expert impermissibly influenced the jury with respect to the
weight given to the officer's factual testimony in violation of
Petitioner's due process rights; (3) the State offered
insufficient evidence to warrant Petitioner's conviction for
possession with intent to distribute a controlled narcotic
schedule II substance (cocaine); and (4) Petitioner was deprived
of his Sixth Amendment right to confront witnesses and his Sixth
Amendment right to effective assistance of counsel during his
trial.

### A.  Claim One:  Fourth Amendment Violation

In Claim One, Petitioner argues that the Superior Court
violated his Fourth Amendment rights by failing to grant his

motion to suppress the evidence seized during the warrantless

search of his vehicle.  Petitioner exhausted state remedies for

Claim One by presenting it to the Delaware Supreme Court on

direct appeal.  Nevertheless, pursuant to Stone v. Powell, 428

U.S. 465, 494 (1976), a federal court cannot provide habeas

review of a Fourth Amendment claim if the petitioner had a full

and fair opportunity to litigate the claim in the state courts.

Stone, 428 U.S. at 494;  see also Wright v. West, 505 U.S. 277,

293 (1992)("We have also held . . . that claims under Mapp

[evidence obtained in violation of the Fourth Amendment] are not

cognizable on habeas as long as the courts have provided a full

and fair opportunity to litigate them at trial or on direct

review.")  The "full and fair opportunity to litigate"

requirement is satisfied if the state has an available mechanism

for suppressing evidence seized in or tainted by an illegal

search or seizure.  See U.S. ex rel. Hickey v. Jeffes, 571 F.2d

762, 766 (3d Cir. 1978);  Petillo v. New Jersey, 562 F.2d 903,

906-07 (3d Cir. 1977).  In the Third Circuit, a petitioner can

avoid the Stone bar only by demonstrating that the state system

contains a structural defect that prevented full and fair

litigation of the Fourth Amendment claim;  "[a]n erroneous or

summary resolution by a state court of a Fourth Amendment claim

does not overcome the [Stone] bar."  Marshall v. Hendricks, 307

F.3d 36, 82 (3d Cir. 2002).

Here, Petitioner filed a pre-trial suppression motion concerning the evidence seized from his person and vehicle on the grounds that the police lacked probable cause to perform the arrest and search.  The Superior Court held an evidentiary hearing on the motion, during which Petitioner and the three police officers testified, and the Superior Court ultimately denied the suppression motion after determining that the evidence was admissible under the plain view and inevitable discovery doctrines.  On direct appeal, the Delaware Supreme Court held that the Superior Court properly admitted the evidence seized from Petitioner's person and his vehicle under those two doctrines.

Petitioner challenged the admission of evidence in a post-conviction motion filed pursuant to Delaware Superior Court Criminal Rule 61.  After finding the claim procedurally barred as formerly adjudicated under Rule 61(i)(4), the Superior Court also determined that the Superior Court had properly admitted the evidence under the plain view and inevitable discovery doctrines. The Delaware Supreme Court affirmed the Superior Court's judgment.

Based on this record, the Court concludes that the Delaware courts provided Petitioner with an adequate forum to present his Fourth Amendment claims.  Therefore, the Court will deny Claim Two as barred by <u>Stone</u>.

**B.  Claim Two: Inadmissible Expert Testimony**

Petitioner also contends that permitting Officer Sullivan provide both expert and fact testimony significantly increased the risk that the jury would overestimate the probative value of the facts relied on by Officer Sullivan in making the arrest, thereby violating Petitioner's right to due process.  (D.I. 27, at 16.)  The State argues that the Court must dismiss this claim because it presents a state evidentiary issue that is not cognizable on federal habeas review.

Claims alleging errors in state evidentiary rulings are only reviewable in habeas corpus if the evidentiary rulings rise to the level of a due process violation.  Estelle v. McGuire, 502 U.S. 62, 67-8 (1991).  A petitioner establishes a due process violation by showing that the evidentiary error was so pervasive that he was denied a fundamentally fair trial.  Biscaccia v. Attorney General of Sate of N.J, 623 F.2d 307, 312 (3d Cir. 1980).

In Petitioner's case, the State gave notice that it intended to call Officer Sullivan as an expert witness on the issue of whether the drugs found in Petitioner's car and on his person were for personal use or for sale.  Petitioner objected to the use of a fact witness as an expert witness, and the Superior Court overruled the objection after hearing from both parties. Officer Sullivan then testified that, in his opinion, based on

his training and experience, Petitioner intended to distribute the crack cocaine found in his possession. On direct appeal, the Delaware Supreme Court held that the admission of Officer Sullivan's testimony as both an expert and as a fact witness did not violate Delaware evidentiary law, because police officers frequently testify as both fact and expert witnesses.

In principle, there is nothing objectionable about a police officer testifying as both a fact and an expert witness. <u>See</u> <u>United States v. Feliciano</u>, 223 F.3d 102, 121 (2d Cir. 2000); <u>United States v. Lopez-Medina</u>, 461 F.3d 724, 744 (6th Cir. 2006); <u>United States v. Lackey</u>, 164 Fed. Appx. 205, 208 (3d. Cir. Feb. 7, 2006)(unpublished decision). Courts addressing the issue have held that such dual testimony does not deprive a defendant of a fundamentally fair trial if there is a clear demarcation between the fact and expert testimony, and the jury is adequately instructed on how to weigh the fact and expert testimony. <u>See</u> <u>Lopez-Medina</u>, 461 F.3d at 744; <u>United States v. Parra</u>, 402 F.3d 752, 760 (7th Cir. 2005).

Here, the Court concludes that the permitting Officer Sullivan to provide both fact and expert testimony did not deprive Petitioner of a fair trial. Neither the Delaware nor Federal Rules of Evidence restrict such dual testimony. Petitioner does not challenge Officer Sullivan's qualification to testify as an expert. Officer Sullivan's expert testimony was

11

brief and related to general indications of drug trafficking such as the quantity and packaging of drugs, and the lack of items associated with personal use. Officer Sullivan's testimony as to the facts relevant to Petitioner's case was sufficiently distinct from his expert testimony that the jury could distinguish Officer Sullivan's fact testimony from his expert testimony. Petitioner has not demonstrated, and the record does not indicate, that the jury was confused by Officer Sullivan's dual testimony. Finally, the Superior Court judge instructed the jury on how to weigh the fact and expert testimony offered during the trial, and explained that the jury was free to disregard the opinions given. Accordingly, the Court will deny Claim Two because it cannot discern any deprivation of due process arising from the admission of Officer Sullivan's expert and fact testimony.

### C.  Claim Three:  Insufficient Evidence

In his third claim, Petitioner challenges his conviction for possession with intent to deliver a controlled narcotic schedule II substance (cocaine). Specifically, Petitioner asserts that the prosecution failed to prove beyond a reasonable doubt that he constructively possessed the cocaine found under the vehicle's sun visor or that he intended to deliver the drugs. Petitioner presented these issues in separate claims to the Delaware Supreme Court on direct appeal, and the State Court denied the claims as

12

meritless.[2]  Therefore, the Court must determine if the Delaware Supreme Court's decision was either contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

The United States Supreme Court precedent governing Petitioner's insufficient evidence claim is Jackson v. Virginia, 443 U.S. 307 (1979).  Pursuant to Jackson, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Id. at 319.  A court must apply Jackson's standard with explicit reference to the substantive elements of the criminal offense as defined by state law.  Id. at 324 n.16;

---

[2]With respect to Petitioner's constructive possession challenge, the Delaware Supreme Court initially noted that it could only review the claim for plain error under Delaware Supreme Court Rule 8 because Petitioner failed to raise the issue below.  The Delaware Supreme Court held that the "Superior Court's failure to consider whether the State satisfactorily proved possession of the drugs found under the sun visor of [Petitioner's] car does not rise to the level of plain error that would warrant review of the claim now.  This is particularly true because [Petitioner] moved for a judgment of acquittal on this charge, but he challenged only the intent element of the possession with intent to deliver cocaine charge and not the possession element."  Hardin, 844 A.2d at 990.

Typically, given the Delaware Supreme Court's application of Delaware Supreme Court Rule 8, the Court would be restricted to reviewing the procedurally defaulted claim for cause and prejudice.  However, in this case, the Delaware Supreme Court also reviewed the merits of Petitioner's constructive possession argument.  Therefore, the Court will review the instant claim under § 2254(d)(1).

Jordan v. Snyder, 2000 WL 52152, at *4 (D. Del. Jan. 5, 2000).
Further, a reviewing court must defer to the trier of fact in
resolving any conflicts in the evidence.   Jackson, 443 U.S at
325.

The Court notes that the Delaware Supreme Court applied a
standard identical to the Jackson standard when it analyzed
Petitioner's insufficient evidence claims.   Thus, the Delaware
Supreme Court's denial of these two issues was not contrary to
Jackson.   The Court will review Petitioner's arguments regarding
constructive possession and intent to deliver under §
2254(d)(1)'s "reasonable application" prong in seriatim.

1.   Proof of constructive possession

To prove possession of cocaine with intent to deliver, the
State must establish knowing and unlawful possession of cocaine
with the intent to deliver.   See Del. Code Ann. tit. 11, § 4751.
Under Delaware state law, "possession, in addition to its
ordinary meaning, includes location in or about the defendant's
person, premises, belongings, vehicle, or otherwise within the
defendant's control."   Del. Code Ann. tit. 16, § 4701(30).
Possession can be actual or constructive, but in order to succeed
on a constructive possession theory, the State "must produce
evidence of a defendant's 'dominion and control' over the
substance."   McNulty v. State, 655 A.2d 1214, 1217 (Del. 1995).

Dominion and control is presumed when the defendant is the

14

custodian of the vehicle.  Holden v. State, 305 A.2d 320, 322

(Del. 1973).  However, when the defendant is only a passenger in

the car and not the custodian of the vehicle, the State can prove

constructive possession in one of two ways.  First, the State

must present evidence that the defendant: (1) knew the location

of the drugs; (2) had the ability to exercise control and

dominion over the drugs; and (3) intended to guide the destiny of

the drugs.  See Hoey v. State, 689 A.2d 1177, 1181 (Del. 1997).

Second, the State can show constructive possession by presenting

"evidence linking the accused to an ongoing criminal operation of

which possession is a part."  Id.

     In Petitioner's case, the Delaware Supreme Court concluded

that there was sufficient evidence to support a finding of

constructive possession.  In reaching that conclusion, the

Delaware Supreme Court explained that "the custodian of an

automobile is presumed . . . to have dominion and control of the

contraband found in the automobile," and then opined that,

> [u]nder the totality of the circumstances, the evidence
> warranted the conclusion that [Petitioner] had conscious
> dominion and control of the drugs found in **his** car.
> Officers found other drugs on [Petitioner's] person.  In
> addition, the marijuana and at least a portion of the bag
> containing the cocaine were visible from inside the car.
> The State satisfactorily established that [Petitioner]
> constructively possessed the drugs found in his car.

Hardin, 844 A.2d at 989 (emphasis added).  Petitioner's instant

challenge to the Delaware Supreme Court's decision focuses on the

State Court's presumption that the custodian of a vehicle is

15

presumed to be in constructive possession of the drugs found therein. Specifically, Petitioner contends that the vehicle was newly purchased by a family member, and that he had merely walked over to the car to use the vehicle's cigarette lighter when the police officers saw him "exiting" the car. (D.I. 27, at 23.) He argues that the State failed to provide a sufficient connection between the car and himself to support a finding that he was the vehicle's custodian because the State never proved that he owned the car or that he had insured it.

After independently reviewing the record, the Court concludes that the Delaware Supreme Court did not unreasonably apply Jackson in holding that there was sufficient evidence to support Petitioner's constructive possession of the drugs found in the car. During Petitioner's suppression hearing and his trial, Officers Sullivan, Chickadel, and Freebury testified that they each observed Petitioner sitting in the vehicle, and that he exited the vehicle when they first arrived on the scene. Petitioner had just exited the vehicle prior to the police finding the drugs located in the vehicle and also on Petitioner's person. Additionally, the record reveals that Petitioner never expressly denied ownership of, or custodianship over, the car during his state criminal proceeding; in fact, during the suppression hearing, defense counsel referred to the automobile as Petitioner's car. In the absence of any rebuttal testimony or

16

evidence regarding the custodianship issue, the jury was free to accept the State's argument that Petitioner was the custodian of the car.

The Court also finds it significant that, in his appeal, Petitioner did not challenge the constructive possession finding on the custodianship issue, but rather, he challenged the constructive possession finding on the basis that he did not know that the drugs were in the car. Further, Petitioner has failed to provide evidence in this proceeding to support his claim that a "family member" owned the car.

Thus, viewing all of the evidence in the light most favorable to the prosecution, the Court concludes that the Delaware Supreme Court reasonably applied <u>Jackson</u> in holding that a rational trier of fact could have concluded beyond a reasonable doubt that Petitioner had constructive possession of the drugs found in the car.

    2.  <u>Proof of intent to deliver</u>

Petitioner contends that the State failed to prove his intent to deliver the drugs involved by only providing Officer Sullivan's expert testimony regarding quantity and packaging. Petitioner argues that the State also needed to provide testimony regarding drug sales, interrupted sales, or even sale-related activity. (D.I. 27, at 29.)

As an initial matter, Petitioner's argument is legally

incorrect because the State can satisfy its burden to prove intent to deliver a drug without direct evidence of drug sales. In Delaware, the State can demonstrate intent to deliver a drug by proving "an additional element beyond possession, quantity and/or packaging to establish that the defendant was not possessing the drugs for personal consumption. This element can take the form of expert testimony, an admission by the defendant, or some other credible evidence." <u>Cline v. State</u>, 720 A.2d 891, 892-93 (Del. 1998).

In Petitioner's case, the evidence at trial established that the police found seven bags of crack cocaine on Petitioner's person totaling .97 grams. The two bags of crack cocaine found in the vehicle together weighed 10.18 grams. Officer Sullivan's expert testimony that this evidence indicated that Petitioner was a small-time, street level seller provided the "additional element" required under Delaware law to permit an inference of intent from the quantity, possession, and packaging of the drugs. For example, as an expert, Officer Sullivan explained that the two large "rocks" of crack cocaine found in the car were worth approximately $1,000.00 and would not typically be sold on the street in that form. Rather, the big rocks would be broken down into smaller saleable pieces, like the seven bags found on Petitioner's person, which were packaged for sale at $20.00 each. Sullivan also noted that a user would not typically waste money

18

buying seven bags of the size found on Petitioner's person when he could buy an "eight ball" for $100.00 or less, and that a typical user would buy no more than two or three $20.00 bags at one time. Finally, Sullivan noted that there was no paraphernalia associated with drug use found either on Petitioner's person or in his car. (D.I. 31, State's Ans. Br. in <u>Hardin v. State</u>, No.419,2003, at 11-12.)

Viewing the evidence in a light most favorable to the prosecution and within the context of Delaware law, the Court concludes that a rational trier of fact could have concluded beyond a reasonable doubt that Petitioner had intended to distribute the drugs found on his person and in the car. Accordingly, the Court will deny Claim Three.

**D. Claim Four: Sixth Amendment Violations**

In his final claim, Petitioner contends that: (1) he was denied his Sixth Amendment right to confront witnesses because the police informant did not testify during his trial and also because witnesses, (namely, his "paramour"), did not testify in his favor at his trial; and (2) he was denied his Sixth Amendment right to effective assistance of counsel.[3] Petitioner did not

---

[3]The form Petition states that "an unidentified paid informant accused Petitioner of selling drugs, Petitioner was not afforded the right to confront his accuser, no informant was ever produced, as well as contradictions in officers testimony as to how the unidentified informer's information was received; Petitioner had several witnesses in his favor, none were called to testify; nor was Petitioner afforded the right to effective

present his witness claims to the Delaware Supreme Court on direct appeal or in his post-conviction motion.   Rather, he presented these claims as ineffective assistance of counsel claims in his Rule 61 proceeding.   At this juncture, state procedural rules would bar Petitioner from obtaining further state court review of the witness claims.[4]   Therefore, these claims are procedurally defaulted, and the Court cannot review their merits absent a showing of cause and prejudice, or a miscarriage of justice.

As for Petitioner's ineffective assistance of counsel claim, the Court interprets the claim to allege that counsel provided ineffective assistance by failing to call the informant as a witness (in violation of his rights under the Confrontation Clause) and by failing to call witnesses that would have testified on his behalf.   The record reveals that Petitioner raised these allegations in his Rule 61 proceeding, and both the

---

assistance of counsel."  (D.I. 2, at Ground Four.)   The Court interprets the ineffective assistance of counsel allegation as pertaining only to the Confrontation Clause issues.   To the extent Petitioner raises numerous other allegations regarding counsel's performance in his Reply to the State's Answer, See (D.I. 27.), the Court concludes that these allegations are entirely new claims that do not relate back to the initial filing of his Petition.   See Fed. R. Civ. P. 15(c)(2); see, e.g., United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000).

[4]Because Petitioner did not raise this claim on direct appeal, Rule 61(i)(3) would preclude him from raising the claim in a new post-conviction proceeding.   Del. Super. Ct. Crim. R. 61(i)(3).   Additionally, because Petitioner did not raise the claim in his first post-conviction motion, he cannot raise the claim in a subsequent motion.   Del. Super. Ct. Crim. R. 61(i)(2).

Superior Court and the Delaware Supreme Court denied them as meritless. Therefore, the ineffective assistance of counsel claim is not procedurally defaulted.

The Court is now faced with a unique procedural situation. Petitioner appears to allege the ineffective assistance of counsel claim as an independent claim and also as cause for his procedural default of the witness claims. It is well-settled that ineffective assistance can only constitute cause for a procedural default if the petitioner establishes that counsel's ineffectiveness rose to the level of a Sixth Amendment violation. See Murray v. Carrier, 477 U.S. 478, 488 (1986). In this case, because the Delaware state courts rejected Petitioner's ineffective assistance of counsel claims as meritless, counsel's performance will only constitute cause for Petitioner's procedural default if the Delaware Supreme Court's decision denying the claim was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Thus, the Court will necessarily combine its review of the ineffective assistance of counsel claim as an independent substantive claim under § 2254(d)(1) and as potential cause for his procedural default.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by Strickland v. Washington, 466 U.S. 668

21

(1984) and its progeny.  See Wiggins v. Smith, 539 U.S. 510
(2003).  Under the first Strickland prong, Petitioner must
demonstrate that "counsel's representation fell below an
objective standard of reasonableness," with reasonableness being
judged under professional norms prevailing at the time counsel
rendered assistance.  Strickland, 466 U.S. at 688.  Under the
second Strickland prong, Petitioner must demonstrate "there is a
reasonable probability that, but for counsel's error the result
would have been different."  Id. at 687-96.  A reasonable
probability is a "probability sufficient to undermine confidence
in the outcome."  Id. at 688.

        In Petitioner's Rule 61 proceeding, the Superior Court
denied Petitioner's claim that counsel provided ineffective
assistance by failing to call the informant as a witness because
the Superior Court "and the [Delaware] Supreme Court have
directly and indirectly answered all questions relating to the
acquisition and admittance of evidence, and it would have been
futile for counsel to have further pursued these claims."
Hardin, 2005 WL 2249504, at *3.  As for counsel's failure to have
certain witnesses testify in Petitioner's favor, the Superior
Court concluded that counsel made a tactical decision not to call
Petitioner's "paramour" as a witness after she failed to comply
with a subpoena to appear at Petitioner's first scheduled trial
date.  The Superior Court also explained that Petitioner was

fully aware of counsel's tactical decision at the time it was made.  The Delaware Supreme Court affirmed the Superior Court's judgment on both issues.

After reviewing the record, the Court concludes that counsel did not perform deficiently by failing to call the informant as a witness, or by failing to call Petitioner's "paramour" to testify on Petitioner's behalf.  The informant's reliability was established during the suppression hearing, and the Delaware Supreme Court held on direct appeal that there was sufficient evidence to find Petitioner guilty of possession with intent to deliver cocaine.  As for counsel's failure to call the "paramour" to testify on Petitioner's behalf, defense counsel's Rule 61 affidavit sufficiently explains that Petitioner agreed with counsel's tactical decision to not call the "paramour" as a witness after she had already failed to appear when first subpoenaed.  (D.I. 31.)  Based on this record, the Court concludes that the Delaware Supreme Court reasonably applied Strickland in rejecting these two ineffective assistance of counsel allegations.  Thus, Petitioner's ineffective assistance of counsel claim does not warrant relief under § 2254(d)(1).

Given Petitioner's failure to establish counsel's ineffective assistance, counsel's performance cannot excuse Petitioner's default of the witness claims.  In the absence of cause, the Court will not address the issue of prejudice.

23

Additionally, given Petitioner's failure to provide the Court with new and reliable evidence of his actual innocence, Petitioner has failed to demonstrate that these claims should be reviewed in order to prevent a miscarriage of justice.  Thus, the Court concludes that it is procedurally barred from reviewing the merits of Petitioner's witness claims.  Accordingly, the Court will deny Claim Four in its entirety.

## IV.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.  See Third Circuit Local Appellate Rule 22.2.  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Additionally, if a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Id.

24

The Court has concluded that Petitioner's habeas claims do not warrant relief.  In the Court's view, reasonable jurists would not find this conclusion to be debatable.  Accordingly, the Court declines to issue a certificate of appealability.

**V.  CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.